JOURNAL ENTRY AND OPINION
United Ohio Insurance Company appeals from a judgment entered in favor of Martha Treadwell at a default hearing held in the Cleveland Municipal Court. On appeal, United Ohio contends the trial court erred in finding it failed to prove liability, arguing that Civ.R. 8(D) specifies that averments in a pleading are admitted when not denied and urging that it had alleged sufficient facts in its complaint to establish liability. Upon review, we recognize that the record does not contain evidence of damages; thus, we are unclear as to the court's decision and we, therefore, vacate the judgment and remand the matter for the court to clarify its entry or to schedule a hearing on damages and enter an order consistent with this opinion.
The facts alleged in the complaint are as follows: On January 27, 1996, John Manley negligently drove a 1985 Ford Tempo owned by Martha Treadwell through a red light, striking a 1985 Nissan driven by Michelle Bruno. As a result of the accident, Bruno and her insurance carrier, United Ohio Insurance Company, allegedly incurred $1,644.50 in property damage.
On January 23, 1997, Bruno and United Ohio filed their joint complaint in the Cleveland Municipal Court alleging negligent operation of the vehicle by Manley and negligent entrustment by Treadwell, the owner of the vehicle. The record reflects service by certified mail on Treadwell on January 29, 1997; however, it does not reflect service on Manley. Therefore, on September 26, 1997, the court sua sponte dismissed the claims against Manley for failure to obtain service within six months pursuant to Civ.R. 4(E).
Thereafter, the court set the negligent entrustment case against Treadwell for default hearing on August 22, 2000, but continued that matter at the request of Bruno and United Ohio to September 12, 2000.
At the default hearing, despite the lack of appearance by Treadwell, and despite the provisions of Civ.R. 8(D), the court entered judgment in favor of Treadwell, stating:
 Plaintiff having failed to prove liability of defendant Martha Treadwell, judgment for Defendant Treadwell at plaintiff's costs.
(Emphasis added.)
The court journalized this final judgment on the same day the magistrate issued the magistrate decision for default judgment.
It is from this final order of the court, not the magistrate's decision, that United Ohio now appeals raising one assignment of error.
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR THE DEFENDANT AND REFUSING TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WHEN SAID DEFENDANT FAILED TO PLEAD OR OTHERWISE DEFEND THE SUIT AS REQUIRED BY THE CIVIL RULES.
It is United Ohio's position that when Treadwell failed to plead, the allegation of negligent entrustment against her was deemed admitted in accordance with the provisions of Civ.R. 8(D). We agree. However, the judgment entry of the court stated that United Ohio Insurance Company had failed to prove liability.
In support of its claim of error, United Ohio references Civ.R. 8(D), which specifies:
 (D) Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. * * *
(Emphasis added.)
We are further cognizant of Loc.R. 6.13(B) of the Cleveland Municipal Court, which provides in pertinent part:
 The Central Scheduling Department may set cases in which the defendant is in default of answer or appearance for evidentiary hearing.
Pursuant to Loc.R. 6.13, United Ohio was put on notice that it would be required to present evidence of damages at the default hearing once it had been scheduled. Loc.R. 6.13(C) provides notice of what evidence is needed at the hearing, by stating:
 Pursuant to Rule 55 of the Ohio Rules of Civil Procedure and upon written application of plaintiff, default judgments shall be rendered on the following cases without oral hearing:
* * *
 (3) insurance subrogation claims, provided that the plaintiff has attached adequate evidence to establish the specific amount of damages.
Although Loc.R. 6.13(C) applies to automatic default judgments, and this case is not an automatic default case, nonetheless, the rule specifies what is required to prevail in an insurance subrogation claim. If United Ohio had attached such documentation to its complaint or motion for default judgment, it should have received an automatic default judgment. It did not receive such a judgment, however, apparently because it failed to attach such evidence; so the court scheduled the matter for an evidentiary hearing.
Thus, the record here does not contain any evidence of damages; however, the court stated in its entry that plaintiff had failed to prove liability; therefore, it is unclear what the trial court's judgment means in this case, and we are unable to properly review this appeal. Therefore, we vacate the judgment and remand the matter to the municipal court to enter judgment consistent with Civ.R. 8(D), Civ.R. 55, the local rules of the Cleveland Municipal Court, and this opinion, or in the alternative, to schedule a damages hearing to enable it to do so.
Judgment vacated. Matter remanded.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and COLLEEN CONWAY COONEY, J. CONCUR.